UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: _____

AUDE JESSICA RAPHAEL,

    Plaintiff,

v.

JM FAMILY ENTERPRISES, INC.;
WORLD OMNI FINANCIAL CORP.; and
AUDREY DEMOSS,

    Defendants.
_____/

## DEFENDANTS JM FAMILY ENTERPRISES, INC.'S, AND WORLD OMNI FINANCIAL CORP.'S NOTICE OF REMOVAL

Defendants JM Family Enterprises, Inc. ("JMFE"), and World Omni Financial Corp. ("World Omni") (together, "Defendants"), by and through their undersigned counsel and in accordance with the applicable Federal Rules of Civil Procedure and 28 U.S.C. §§ 1331, 1367, 1441 and 1446, file this Notice of Removal and state the following grounds for removal of this case from the Circuit Court in and for Broward County, Florida, to the United States District Court for the Southern District of Florida:

### REMOVAL JURISDICTION

1.    This Court has original jurisdiction over this action because it involves claims alleging violations of federal laws, specifically under 42 U.S.C. § 1981 as well as the Family and Medical Leave Act of 1993, 29 U.S.C. §§ 2601 *et seq.* ("FMLA").

### TIMELINESS OF REMOVAL

2.    On July 13, 2020, Plaintiff Aude Jessica Raphael ("Plaintiff") commenced a civil action against JMFE by filing a Complaint in the Circuit Court of the Seventeenth Judicial Circuit

1

in and for Broward County, Florida, Case No. CACE-20-010942.  A true and correct copy of the Complaint is attached as part of Composite Exhibit "A."  The initial Complaint contained four-counts against JMFE, each asserting only violations of the Florida Civil Rights Act ("FCRA") and pleading no basis for removal.

3. On August 11, 2020, Plaintiff filed a First Amended Complaint, adding World Omni as a Defendant, but maintaining the same four counts and again pleading no basis for removal.  The First Amended Complaint was served on both Defendants on August 18, 2020.

4. Defendants moved to dismiss the First Amended Complaint on September 23, 2020.

5. The Circuit Court granted the motion and dismissed Plaintiff's First Amended Complaint without prejudice on November 6, 2020.

6. On November 25, 2020, Plaintiff filed her Second Amended Complaint, adding new allegations, but again pleading the same four counts under the FCRA and no basis for removal.

7. Defendants moved to dismiss Plaintiff's Second Amended Complaint on December 18, 2020.

8. The Circuit Court granted the motion and dismissed Plaintiff's Second Amended Complaint without prejudice on January 26, 2021.

9. On February 15, 2021, Plaintiff filed a Third Amended Complaint.

10. Plaintiff's Third Amended Complaint adds individual Audrey DeMoss as a defendant.  Upon information and belief, Ms. DeMoss has not been properly joined or served.

11. Plaintiff's Third Amended Complaint sets forth fifteen (15) causes of action, including FCRA counts similar to those pled in the first three complaints Plaintiff filed, but the new pleading, for the first time, adds causes of action pursuant to federal law, including alleged

violations of 42 U.S.C. § 1981 (Counts VIII – X and XII – XIV) and alleged violations of the FMLA (Counts XI and XV).

12. Defendants have not served any answer or responsive pleading to Plaintiff's Third Amended Complaint.

13. This Notice is filed with this Court within thirty (30) days after Defendants JMFE and World Omni received a copy of Plaintiff's Third Amended Complaint, and before any proceedings were had thereupon in the Circuit Court.  This removal is timely pursuant to 28 U.S.C. § 1446(b)(3).

14. A removal is not proper unless "all defendants who have been properly joined and served . . . consent to the removal of the action."  28 U.S.C. § 1446(b)(2)(A).  Defendants have complied with this requirement because, upon information and belief, they are the only named defendants who have been joined and served, and both Defendants consent to removal and together file this Notice of Removal.

15. In accordance with 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings, documents, and orders that have been served upon Defendants are attached as Composite Exhibit "A."

## FEDERAL QUESTION AND SUPPLEMENTAL JURISDICTION

16. This Court has original jurisdiction in this action pursuant to 28 U.S.C. § 1331 because Plaintiff alleges in the Third Amended Complaint violations of 42 U.S.C. § 1981 as well as the FMLA. *See* Composite Exhibit "A."

17. Plaintiff's claims under the FCRA fall under the Court's supplemental jurisdiction pursuant to 28 U.S.C. § 1367 as the claims stem from the same set of facts and form part of the same case or controversy as Plaintiff's 42 U.S.C. § 1981 and FMLA claims.

18. A court engages in a two-step inquiry to determine whether to exercise supplemental jurisdiction over a plaintiff's state law claims. *Parker v. Scrap Metal Processors, Inc.*, 468 F.3d 733, 742-43 (11th Cir. 2006). The court must first decide whether it has the power to hear the plaintiff's state law claim pursuant to 28 U.S.C. § 1367(a). *Id*. at 743. Once the court determines that it has the authority to hear the plaintiff's state law claim, the court must then examine whether it should, nevertheless, decline to exercise jurisdiction over these claims pursuant to 28 U.S.C. § 1367(c). *Id*. (noting that pursuant to § 1367(c), the district court has discretion to not to exercise supplemental jurisdiction in four situations: (1) the claim raises a novel or complex issue of state law; (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction; (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction).

19. The case or controversy standard is met if a plaintiff's state law claims "arise out of a common nucleus of operative fact with a substantial federal claim." *Parker*, 468 F.3d at 743. Claims that arise "from a 'common nucleus of operative fact' necessarily involve 'the same witnesses, presentation of the same evidence, and determination of the same, or very similar, facts.'" *Jean-Baptiste v. Bus. Law Grp., P.A.*, No. 8:16-cv-2027-T-33AEP, 2016 U.S. Dist. LEXIS 102479, at *11 (M.D. Fla. Aug. 4, 2016) (citations omitted).

20. Plaintiff's state law claims under the FCRA (Counts I through VII) fall under the Court's supplemental jurisdiction pursuant to 28 U.S.C. § 1367, as those claims stem from the same set of facts as her 42 U.S.C. § 1981 and FMLA claims, and because they form part of the same case or controversy as such claims.

21. Notably, all seven FCRA claims (Counts I – VII) incorporate by reference the same general allegations as Plaintiff's 42 U.S.C. § 1981 claims (Counts VIII – X and XII – XIV) and FMLA claims (Counts XI and XV).  *See* Third Amended Complaint, Exhibit 1, ¶¶ 121, 131, 145, 155, 166, 178, 189, 201, 216, 232, 254, 263, 279, 294, and 308 (incorporating by reference the general allegations set forth in Paragraphs 1 through 58 of the Third Amended Complaint).  Thus, the FCRA claims are so intertwined with the federal claims that the Court should exercise supplemental jurisdiction.  *See*, *e.g.*, *Castellanos v. Starwood Vacation Ownership, Inc.*, No. 6:14-cv-396-Orl-40KRS, 2014 U.S. Dist. LEXIS 179696, at **5-6 (M.D. Fla. Dec. 23, 2014) ("Plaintiff's claims of violations of the FCRA are so factually related to the federal claims that they form part of the same controversy as the federal claims.  Therefore, the Court has supplemental jurisdiction over Plaintiff's FCRA claims.").

22. Further, none of the four situations in which district courts have discretion not to exercise supplemental jurisdiction is present here.  *See* 28 U.S.C. § 1367(c) (setting forth four situations wherein district court has discretion not to exercise supplemental jurisdiction).

23. Accordingly, Defendants maintain that based on Plaintiff's allegations, the Court can and should exercise supplemental jurisdiction over the state law causes of action in Counts I through VII.

## VENUE

24. Venue lies in this Court pursuant to 28 U.S.C. §§ 1441(a) and 1446(a).

25. Defendants submit this Notice of Removal without waiving any defenses or affirmative defenses to the claims asserted by Plaintiff and without conceding Plaintiff has pled claims upon which relief can be granted.

26. Contemporaneously with this filing, Defendants have provided written notice of this removal to all adverse parties and are filing a "Notice of Filing Notice of Removal" with the Clerk of the Court for the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida, as required by 28 U.S.C. § 1446(d). A true and correct copy of the Notice of Filing Notice of Removal is attached as Exhibit "B."

WHEREFORE, Defendants respectfully request this action be removed from the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida, to the United States District Court for the Southern District of Florida.

Dated: March 8, 2021                     Respectfully submitted,

                                         By:    *s/Jenna Rinehart Rassif*
                                                Jenna Rinehart Rassif, Esq.
                                                Florida Bar No. 56855
                                                Email:*jenna.rassif@jacksonlewis.com*
                                                Valerie L. Hooker, Esq.
                                                Florida Bar No. 113688
                                                Email: *valerie.hooker@jacksonlewis.com*
                                                JACKSON LEWIS P.C.
                                                One Biscayne Tower, Suite 3500
                                                2 South Biscayne Boulevard
                                                Miami, Florida 33131
                                                Telephone:  305-577-7600
                                                Facsimile:   305-373-4466
                                                *Counsel for Defendants*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 8th day of March 2021, the foregoing was electronically filed with the Clerk of the Court by using Florida Courts E-filing Portal which will send a notice of electronic filing to all counsel of record on the service list below.

*s/Valerie L. Hooker*
Valerie L. Hooker, Esq.

## SERVICE LIST

Tanesha Blye, Esq.
Florida Bar No. 0738158
E-mail: *tblye@saenzanderson.com*
Aron Smukler, Esq.
Florida Bar No.: 297779
E-mail: *asmukler@saenzanderson.com*
R. Martin Saenz, Esq.
Florida Bar No. 0640166
E-mail: *msaenz@saenzanderson.com*
SAENZ & ASSOCIATES, PLLC
20900 NE 30th Avenue, Suite 800
Aventura, Florida 33180
Telephone: (305) 503-5131
Facsimile: (888) 270-5549

*Attorneys for Plaintiff*

Jenna Rinehart Rassif, Esq.
Florida Bar No. 56855
Email: *jenna.rassif@jacksonlewis.com*
Valeria L. Hooker, Esq.
Florida Bar No. 113688
E-mail: *valerie.hooker@jacksonlewis.com*
Templeton N. Timothy, Esq.
Florida Bar No. 1025172
E-mail: *templeton.timothy@jacksonlewis.com*
JACKSON LEWIS P.C.
One Biscayne Tower, Suite 3500
2 South Biscayne Boulevard
Miami, Florida 33131
Telephone: (305) 577-7600
Facsimile: (305) 373-4466

*Attorneys for Defendants*

4824-9091-3246, v. 1